UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE BROOKS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VITAMIN WORLD USA CORPORATION, d.b.a. VITAMIN WORLD, a New York corporation; and DOES 1 to 10, inclusive,<br><br>Defendant. | No. 2:20-cv-01485-MCE-KJN<br><br>**ORDER** |

Through this action, Plaintiff Valerie Brooks ("Plaintiff") brings claims under both the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq., and California law. Presently before the Court is an unopposed Motion for Leave to File Amended Answer filed by Defendant Vitamin World USA Corporation, d.b.a. Vitamin World ("Defendant"). ECF No. 12 ("Motion"). For the reasons set forth below, Defendant's Motion is GRANTED. Plaintiff has previously filed a Motion to Strike Affirmative Defenses Nos. 1-15 and 17-19 (ECF No. 8), which is DENIED as moot.

According to Defendant:

> In response to concerns raised in the Motion to Strike and to save all parties and the Court time and resources that would be spent litigating the Motion to Strike, Defendant proposes,

> without waiving its right to raise and/or reassert such defenses (affirmative or otherwise), that it will (a) remove from its Answer Defenses Nos. 1- 8, 11-15, and 18-19; and (b) supplement Defense Nos. 8-10, 15, and 17. These are the only changes to the Answer for which Defendant seeks leave to amend. In the proposed Amended Answer, Defense Nos. 9-10, 16 (to which Plaintiff did not object in her Motion to Strike), and 17 from the original Answer are now Defense Nos. 1-4. Pursuant to Eastern District of California Local Rule 137, the proposed Amended Answer is attached hereto as Exhibit A.

Motion at 1 (footnote omitted) (emphasis removed).

The decision to grant leave to amend under Federal Rule of Civil Procedure 15(a)(1)(A) is within the discretion of the district court. Leadsinger, Inc. v. BMG Music Publ'g., 512 F.3d 522, 532 (9th Cir.2008). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citing Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999)) (internal quotation marks omitted). Under Rule 15(a), leave to amend "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." Chudacoff v. Univ. Med. Ctr. of S. Nevada, 649 F.3d 1143, 1152 (9th Cir. 2011).

Here, Defendant has timely responded to Plaintiff's Motion to Strike with the instant Motion. There is no evidence that granting leave to amend would prejudice Plaintiff, cause undue delay, or be an exercise in futility. Nor is there any suggestion that this Motion is sought in bad faith. The Court is further persuaded by the lack of opposition from Plaintiff to the instant Motion. Therefore, Defendant will be afforded the opportunity to amend its Answer.

///
///
///
///
///
///

For the reasons set forth above, Defendant's request to amend its Answer is **GRANTED**. Motion, ECF No. 12. Plaintiff's Motion to Strike is **DENIED as moot**. ECF No. 8. Not later than five (5) days following the date this order is electronically filed, Defendant is **DIRECTED** to file its amended answer.

**IT IS SO ORDERED.**

Dated: March 16, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE