1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   VALERIE BROOKS, individually and          No. 20-cv-01485-MCE-KJN
     on behalf of all others similarly situated,
12
                       Plaintiff,
13                                              **MEMORANDUM AND ORDER**
           v.
14
     VITAMIN WORLD USA
15   CORPORATION, a New York
     corporation; and DOES 1 to 10,
16   inclusive,

17                     Defendants.

18

19         Through the present action, Plaintiff Valerie Brooks, who is legally blind, seeks

20   redress from Defendant Vitamin World USA Corporation ("Defendant") on grounds that

21   Defendant's website is not fully accessible to the visually impaired and therefore violates

22   both the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq. ("ADA") and

23   California's Unruh Civil Rights Act, California Civil Code §§ 51, et seq.  Plaintiff also

24   seeks class-wide relief, including injunctive relief, statutory damages, and attorney's fees

25   and costs, on behalf of all others similarly situated.

26         Defendant originally filed an Answer on October 16, 2020, and Plaintiff filed a

27   Motion to Strike Affirmative Defenses Nos. 1–15 and 17–19.  ECF Nos. 7, 8.  On

28   November 19, 2020, Defendant filed a Motion for Leave to File Amended Answer, which

                                              1

1   Plaintiff did not oppose.  ECF No. 12.  The Court granted Defendant's motion and denied

2   Plaintiff's first Motion to Strike Affirmative Defenses as moot on March 16, 2021.  ECF

3   No. 17.  On April 1, 2021, Defendant filed its Amended Answer to Plaintiff's Complaint,

4   which includes four (4) affirmative defenses.  ECF No. 18.  Presently before the Court is

5   Plaintiff's Motion to Strike two (2) of those defenses ("Motion"), filed April 22, 2021.  ECF

6   No. 19.  For reasons set forth below, Plaintiff's Motion is GRANTED in part and DENIED

7   in part.[1]

8

9                                          **STANDARD**

10

11        An affirmative defense is an "assertion of facts and arguments that, if true, will

12   defeat the plaintiff's [ ] claim, even if all the allegations in the complaint are true."  Black's

13   Law Dictionary (10th ed. 2014).  A court may strike a defectively pled affirmative defense

14   under Federal Rule of Civil Procedure 12(f),[2] which authorizes the removal of "an

15   insufficient defense."  However, motions to strike such defenses are "regarded with

16   disfavor because of the limited importance of pleading in federal practice, and because

17   they are often used as a delaying tactic."  Dodson v. Gold Country Foods, Inc., No. 2:13-

18   cv-00336-TLN-DAD, 2013 WL 5970410, at * 1 (E.D. Cal. Nov. 4, 2013) (citing Neilson v.

19   Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003)).  "Accordingly,

20   courts often require a showing of prejudice by the moving party before granting the

21   requested relief."  Vogel v. Linden Optometry APC, No. CV 13–00295 GAF (SHx), 2013

22   WL 1831686, at *2 (C.D. Cal. Apr. 30, 2013) (citing Quintana v. Baca, 233 F.R.D. 562,

23   564 (C.D. Cal. 2005)).  Where no such prejudice is demonstrated, motions to strike may

24   therefore be denied "even though the offending matter was literally within one or more of

25   the categories set forth in Rule 12(f)."  N.Y.C. Emps.' Ret. Sys. v. Berry, 667 F. Supp. 2d

26

27        [1] Having concluded that oral argument would not be of material assistance, the Court submitted
this matter on the briefs pursuant to E.D. Local Rule 230(g).

28        [2] All subsequent references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

Case 2:20-cv-01485-MCE-KJN   Document 23   Filed 10/13/21   Page 3 of 6

1   1121, 1128 (N.D. Cal. 2009).  Ultimately, "whether to grant a motion to strike lies within

2   the sound discretion of the district court."  Cal. Dep't of Toxic Substances Control v. Alco

3   Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

4           District courts in this circuit were previously split on whether the heightened

5   pleading standard that the United States Supreme Court announced in Bell Atlantic

6   Corporation v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662

7   (2009), applied to affirmative defenses.  Some courts, including this Court, concluded

8   that affirmative defenses were subject to the heightened pleading standard.  See, e.g.,

9   Wine Group LLC, v. L. and R. Wine Co., No. 2:10-cv-022040-MCE-KJN, 2011 WL

10  130236, at *2 (E.D. Cal. Jan. 4, 2011); Dodson v. Strategic Rests. Acquisition Co. II,

11  LLC, 289 F.R.D. 595 (E.D. Cal. 2013).  Other courts, however, declined to apply the

12  heightened pleading standard to affirmative defenses, citing Wyshak v. City National

13  Bank, 607 F.2d 824, 826 (9th Cir. 1979), for the proposition that the pleadings need only

14  provide the plaintiff "fair notice" of the defense.  See, e.g., Kohler v. Staples the Office

15  Superstore, LLC, 291 F.R.D. 464, 468 (S.D. Cal. 2013).

16          The Ninth Circuit, however, has resolved the split in the district courts.  In

17  Kohler v. Flava Enterprises, Inc., the Ninth Circuit explained that "the 'fair notice'

18  required by the pleading standards only requires describing [an affirmative] defense in

19  'general terms.'"  779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright &

20  Arthur Miller, Federal Practice and Procedure § 1274 (3d ed. 1998)).[3]  Accordingly, this

21  Court applies the "fair notice" standard, and not the heightened pleading standard

22  announced in Twombly and Iqbal, when evaluating motions to strike affirmative

23  defenses.

24          "[A] district court should grant leave to amend even if no request to amend the

25  pleading was made, unless it determines that the pleading could not possibly be cured

26

27          [3] The specific sentence that the Ninth Circuit quoted in Kohler provides:  "As numerous federal
    courts have held, an affirmative defense may be pleaded in general terms and will be held to be sufficient,
    and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of
28  the defense."  Wright & Miller § 1274 (footnotes omitted).

3

1    by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000)

2    (internal quotation marks omitted); see also Fed. R. Civ. P. 15(a).

3

4                                         **ANALYSIS**

5

6        **A.    Motion to Strike Is Not Untimely**

7            Defendant first contends that Plaintiff's Motion is untimely because "Plaintiff failed

8    to raise any objection to Defense Nos. 2 and 4 when Defendant filed its Motion to

9    Amend and proposed Amended Answer" back in November 2020.  Def.'s Opp'n Mot.

10   Strike, ECF No. 21 at 4.  However, the Court is unaware of and Defendant has not cited

11   any authority requiring Plaintiff to oppose an amendment to Defendant's answer before

12   filing a motion to strike affirmative defenses.  See Fed. R. Civ. P. 12(f) (stating, in part,

13   that the court may strike an insufficient defense on its own or on a motion made by a

14   party within 21 days after service).  As Defendant recognizes, Plaintiff filed the present

15   Motion within 21 days after Defendant re-filed its Amended Answer and thus, the Court

16   finds Defendant's argument unpersuasive.

17       **B.    Motion to Strike Affirmative Defense No. 2 (Laches and/or Estoppel)**

18           Plaintiff moves to strike Affirmative Defense No. 2, which provides the following:

19                   Plaintiff's claims are barred, in whole or in part, by the
                     doctrines of laches and/or estoppel (a) because Plaintiff failed
20                   to ask for or seek any assistance or take advantage of
                     alternative methods provided by Defendant for access, such
21                   as contacting [Defendant] th[r]ough the customer service
                     number provided on the website; (b) because Plaintiff made no
22                   pre-suit demand that may have brought resolution to this
                     matter; and (c) to the extent that Plaintiff did not take the
23                   actions stated in (a) and (b) in a timely manner.

24   Amended Answer, ECF No. 18 at 10–11.  First, Plaintiff contends that the language in

25   subsection (a) and subsection (c) as it relates to subsection (a) is repetitive of Affirmative

26   Defense No. 1.  Pl.'s Mot. Strike, ECF No. 19 at 12; see Amended Answer, ECF No. 18

27   at 10 (asserting in Affirmative Defense No. 1 that although "Defendant was ready, willing,

28   and able to accommodate Plaintiff's alleged disability[,] . . . Plaintiff never asked for or

                                              4

1    sought any assistance or used the alternative methods of access provided," such as

2    calling Defendant's customer service number).   In support, Plaintiff only cites Fantasy,

3    Inc. v. Fogerty for the proposition that "[t]he function of a [Rule] 12(f) motion to strike is to

4    avoid the expenditure of time and money that must arise from litigating spurious issues

5    by dispensing with those issues prior to trial."  984 F.2d 1524, 1527 (9th Cir. 1993), rev'd

6    on other grounds, 510 U.S. 517 (1994).  Without more, the fact that there is some

7    repetition of factual assertions is insufficient to warrant striking of Affirmative Defense

8    No. 2 and, in any event, Plaintiff has not shown that she would actually be prejudiced by

9    its inclusion.

10         Plaintiff also argues that there is no pre-suit demand requirement under the ADA

11    or Unruh Civil Rights Act and thus, subsection (b) and subsection (c) as it relates to

12    subsection (b) of the affirmative defense fail as a matter of law.  Pl.'s Mot. Strike, ECF

13    No. 19 at 12.  However, as explained by Defendant, "the defense is not that Plaintiff

14    failed to make a required pre-suit demand—it is that Plaintiff unreasonably delayed in

15    bringing this lawsuit.  The fact that Plaintiff failed to make a pre-suit demand is one fact

16    that shows, together with the other circumstances alleged, her delay has caused

17    prejudice to Defendant, and there, the claims should be equitably barred."  Def.'s Opp'n

18    Mot. Strike, ECF No. 21 at 6–7.

19         Finally, Plaintiff asserts that Affirmative Defense No. 2 fails to satisfy the fair

20    notice standard and explain how Plaintiff unreasonably delayed in bringing this lawsuit.

21    Pl.'s Reply Mot. Strike, ECF No. 22 at 3–4.  "[U]nder the fair notice standard, Defendant

22    does not need to plead a detailed statement of the facts upon which the defense is

23    based."  Springer v. Fair Isaac Corp., No. 14-CV-02238-TLN-AC, 2015 WL 7188234, at

24    *4 (E.D. Cal. Nov. 16, 2015) (citation omitted).  Here, Defendant's statements, "despite

25    being vague and general, . . . put Plaintiff on notice of Defendant's intentions to claim . . .

26    affirmative defense[s] under the doctrine[s] of [laches and estoppel; these] statement[s]

27    sufficiently state[] the nature and grounds for the affirmative defense[s] . . . as required

28    ///

1   by the fair notice standard." Id. Accordingly, Plaintiff's Motion to Strike Affirmative

2   Defense No. 2 is DENIED.

3         **C.**     **Motion to Strike Affirmative Defense No. 4 (Lack of Venue and/or**

4                   **Personal Jurisdiction)**

5       In the event the Court finds Plaintiff's Motion is timely, Defendant elects to

6   withdraw Affirmative Defense No. 4 "to the extent it would be construed as an <u>affirmative</u>

7   defense," but "does not waive generally the defenses of lack of personal jurisdiction and

8   improper venue or concede to Plaintiff's arguments." Def.'s Opp'n Mot. Strike, ECF

9   No. 21 at 7–8 (emphasis in original). Accordingly, Affirmative Defense No. 4 is

10   STRICKEN from the Amended Answer.

11

12                                 **CONCLUSION**

13

14       For the foregoing reasons, Plaintiff's Motion to Strike Affirmative Defenses, ECF

15   No. 19, is GRANTED in part and DENIED in part. Based upon Defendant's withdrawal,

16   Affirmative Defense No. 4 is STRICKEN from the Amended Answer. Plaintiff's Motion is

17   otherwise DENIED as to Affirmative Defense No. 2.

18       IT IS SO ORDERED.

19

20   Dated: October 13, 2021

21

22                       MORRISON C. ENGLAND, JR.

                            SENIOR UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28